07-4129-ag
Jiang v. Holder

BIA
Brennan, IJ
A072 798 563
A079 301 419

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of May, two thousand ten.

PRESENT:

> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges*.

——————————————————————————————————

SAI REN JIANG, LAN XIANG JIANG,
> *Petitioners*,

v.                                          07-4129-ag
                                            NAC

ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

——————————————————————————————————

FOR PETITIONERS:          David X. Feng, New York, New York.

———————————————

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Jeffrey S. Bucholtz, Acting Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; David Schor, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Sai Ren Jiang and Lan Xiang Jiang, natives and citizens of the People's Republic of China, seek review of an August 30, 2007, order of the BIA dismissing their appeal of the December 28, 2005, decision of Immigration Judge ("IJ") Noel A. Brennan, which ordered the respondents removed to the People's Republic of China. *In re Sai Ren Jiang, Lan Xiang Jiang*, Nos. A072 798 563/A079 301 419 (B.I.A. Aug. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I. Scope and Standard of Review**

As a preliminary matter, we must decide whether our jurisdiction to review the BIA's 2007 order allows us to address the findings it made in its 2005 order. We conclude that it does. This Court may review only "final" orders of

removal in immigration cases. *See* 8 U.S.C. § 1252(a)(1). Moreover, we treat each petition for review as challenging only the BIA order from which it was timely filed. *See Stone v. INS*, 514 U.S. 386, 405 (1995). Nevertheless, the BIA's "varying techniques" in reviewing prior agency decisions "affect the scope of [our appellate] review," *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006), such that when the BIA adopts and supplements an earlier agency decision, for example, we review the earlier decision as supplemented by the BIA's decision, *see Dong Gao v. BIA*, 482 F.3d 122, 125 (2d Cir. 2007).

Here, the BIA incorporated its 2005 order by reference in its 2007 order. Indeed, in its 2007 order, the BIA stated that its 2005 order "was not artfully drafted," and that it wished to "clarify" its finding that Petitioners "did not show a well-founded fear of persecution." Our determination is further supported by the limited purpose of the BIA's remand in 2005, which was only to allow Petitioners to apply for voluntary departure and for the IJ to enter a removal order in the first instance. Given this limited purpose, it was not necessary for the BIA in 2007 to revisit its earlier findings denying Petitioners' asylum and

withholding of removal applications.  To the extent the BIA *sua sponte* "clarified" its 2005 order, we are satisfied that it intended to incorporate its earlier decision by reference.[2]  Accordingly, we review the BIA's 2007 order as incorporating the 2005 order by reference.  *See Dong Gao*, 482 F.3d at 125.

**II.  Asylum & Withholding of Removal**

As the government correctly asserts, Petitioners argue only that the BIA failed to consider the "Xiapu County Family Planning Stipulation" and "Verification," which, they argue, demonstrate that their United States-born children would be counted for family planning purposes.  However, the BIA considered the Xiapu County documents in its 2005 order, finding that they were ambiguous, that they did not suggest that Petitioners would be sterilized for having two

---

[2]We note that although we previously held this petition for review in abeyance pending this Court's decision in *Alibasic*, that decision established only that we *would have had* jurisdiction to consider the BIA's 2005 order had Petitioners filed a petition for review.  *See Alibasic v. Mukasey*, 547 F.3d 78, 83-84 (2d Cir. 2008) (holding that "a BIA order denying relief from removal and remanding for the sole purpose of considering voluntary departure is a final order of removal that this Court has jurisdiction to review"). It does not resolve the scope of review issue in this case, namely whether this Court can consider the BIA's 2005 order by virtue of its jurisdiction over the BIA's 2007 order.

4

children, and that they were not authenticated. Therefore, Petitioners' argument is unavailing.

In any event, the BIA and this Court have reviewed evidence similar to the Xiapu County documents, and we have found no error in the BIA's conclusion that such evidence does not demonstrate an alien's *prima facie* eligibility for relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 & n.5 (BIA 2010) (holding that unsigned, unauthenticated documents, from a "Street Resident Committee" and "Villager Committee," that fail to identify the authors, are entitled to minimal weight, especially when the documents were allegedly obtained from the authorities specifically for the purpose of the hearing on the applicant's behalf).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5